O

# United States District Court
# Central District of California

| | |
|---|---|
| MIGUEL RAMIREZ,<br><br>        Plaintiff,<br><br>    v.<br><br>SAIA INC.; DOES 1–100, inclusive,<br><br>        Defendants. | Case № 2:14-cv-04590-ODW(JCx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [11]** |

## I. INTRODUCTION

A defendant may generally remove any action to federal court that satisfies either federal-question or diversity jurisdiction. But Congress has specified that certain actions are nonremovable, including a "civil action in any State court arising under the workmen's compensation laws of such State." 28 U.S.C. § 1445(c).

Plaintiff Miguel Ramirez sued Defendant Saia Inc. in Los Angeles County Superior Court for, among others, wrongful discharge in violation of public policy. After Saia removed the action to this Court, Ramirez moved to remand, arguing that his wrongful-discharge claim arises under California's workers'-compensation law and is therefore nonremovable. This issue has invoked a circuit split for the last two decades, and there is no binding precedent from the United States Supreme Court or Ninth Circuit. But since Ramirez's wrongful-discharge claim satisfies neither arising-under prong, the Court finds that Saia properly removed Ramirez's action to this

Court. The Court accordingly **DENIES** Ramirez's Motion to Remand.[1] (ECF No. 11.)

## II. FACTUAL BACKGROUND

Ramirez, a California resident, worked as a laborer for Saia until August 23, 2012. (Compl. ¶¶ 2, 5.) In September 2011, Ramirez sustained back injuries and had to have back surgery in January 2012. (*Id.* ¶¶ 7, 11.) He subsequently filed a workers'-compensation claim, presumably for the time he was unable to work after the surgery. (*Id.* ¶ 9.)

In August 2012, Ramirez's physician lifted his work restrictions, and so Plaintiff contacted Saia inquiring about returning to work. (*Id.* ¶ 12.) On August 23, 2012, Saia indicated that there was no open position for him. (*Id.* ¶ 13.)

On March 25, 2014, Ramirez filed suit against Saia in Los Angeles County Superior Court, alleging claims for perceived or physical disability discrimination, harassment, and retaliation in violation of California Government Code section 12940 *et seq.*; violation of the California Family Rights Act, Cal. Gov't Code § 12945.2 *et seq.*; age discrimination, harassment, and retaliation in violation of Government Code sections 12940 and 12941; wrongful termination in violation of public policy; and declaratory relief. (Not. of Removal, Ex. 1.)

On June 13, 2014, Saia removed the action to this Court under diversity jurisdiction, 28 U.S.C. § 1332. (ECF No. 1.) On July 11, 2014, Ramirez moved to remand the action back to state court. (ECF No. 11.) Saia timely opposed. (ECF No. 12.) That Motion is now before the Court for decision.

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. A defendant may remove a case from a state court to a federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. But whenever it appears a matter is not properly before a federal court, a party may bring a remand motion. 28 U.S.C. § 1447(c).

## IV. DISCUSSION

Ramirez moves to remand his action back to California state court, arguing that his action is nonremovable under federal law. While a defendant may generally remove any action meeting either federal-question or diversity-jurisdiction requirements, 28 U.S.C. § 1441(a), Congress established that certain actions are nonremovable, § 1445. For example, a "civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." § 1445(c). But the statute does not define what types of actions involve "workmen's compensation laws." *See id.*

Ramirez contends that his fourth claim for wrongful discharge in violation of public policy arises under California's workers'-compensation law, therefore precluding removal. He asserts that he based his wrongful-discharge claim in part on Saia's alleged violation of the policy behind California Labor Code section 132a, which prohibits an employer from discharging, threatening to discharge, or

1  discriminating against an employee who has or intends to file a workers'-
2  compensation claim. Cal. Lab. Code § 132a(1). He argues that section 132a creates
3  and defines his substantive rights and provides specific remedies for violation of the
4  section, and therefore his wrongful-discharge claim arises under California's
5  workers'-compensation law.

6  Saia disagrees, arguing that after the California Court of Appeal's decision in
7  *Dutra. Mercy Medical Center Mount Shasta*, 209 Cal. App. 4th 750 (Ct. App. 2012),
8  California law is clear that a violation of section 132a cannot be the basis for a
9  wrongful-discharge tort claim. Saia further contends that even under pre-*Dutra* law,
10 federal courts consistently recognized that a wrongful-discharge claim predicated on
11 section 132a does not arise under the workers'-compensation law.

12 The issue of whether a defendant may properly remove a wrongful-discharge-
13 in-violation-of-public-policy claim to federal court notwithstanding § 1445(c) is a
14 highly unsettled issue which has resulted in a circuit split for well over two decades.
15 Neither the United States Supreme Court nor the Ninth Circuit has issued any
16 controlling precedent on the issue.

17 Congress did not define what "arising under" means in the § 1445(c) context.
18 But all courts to have addressed the issue agree that "arising under" in § 1445 means
19 the same thing as it does in 28 U.S.C. § 1331—the statute explicating federal-question
20 jurisdiction. *Hamblin v. Coinstar, Inc.*, No. CIVS07-1258 WBS KJM, 2007 WL
21 4181822, at *1 (E.D. Cal. Nov. 21, 2007); *see also Reed v. Heil Co.*, 206 F.3d 1055,
22 1059 (11th Cir. 2000). The Ninth Circuit has stated that "arising under" in the § 1331
23 context means that "it is apparent from the face of the complaint either that (1) a
24 federal law creates the plaintiff's cause of action; or (2) if a state law creates the cause
25 of action, a federal law that creates a cause of action is a necessary element of the
26 plaintiff's claim." *Virgin v. Cnty. of San Luis Obispo*, 201 F.3d 1141, 1142–43 (9th
27 Cir. 2000). Importing that definition to § 1445(c), a civil action "arises under" a
28 / / /

state's workers'-compensation law when the worker's-compensation law creates the plaintiff's cause of action or is a necessary element of the claim.

At least five federal Courts of Appeals have addressed whether a particular state's wrongful-discharge claim arises under a state's workers'-compensation laws. But they have come to divergent conclusions. There are currently three Circuit Courts that have held that a wrongful-discharge claim does in fact arise under workers'-compensation laws. *Reed*, 206 F.3d at 1060 (concluding that Alabama's statutory wrongful-discharge claim arises under the state's workers'-compensation laws because it is an "integral part of Alabama's workers' compensation regime" and was "passed to enhance the efficacy of the overall workers' compensation system"); *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir. 1995) ("Under the plain meaning of the statute, where a state legislature enacts a provision within its workers' compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies; under such circumstances, the action would be nonremovable, subject only to the complete preemption doctrine."); *Jones v. Roadway Exp., Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991) (holding that Texas's statutory wrongful-discharge claim arises under the state's workers'-compensation laws because the claim would not exist but for those laws).

The two Courts of Appeals that currently have found that wrongful-discharge claims do not arise under a state's workers'-compensation laws have rested their decisions on a federal common-law definition of § 1445(c)'s term "workmen's compensation laws." *Arthur v. E.I. DuPont de Nemours & Co.*, 58 F.3d 121, 127 (4th Cir. 1995); *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 724–25 (7th Cir. 1994). The Seventh Circuit reasoned,

> Section 1445(c) was enacted in 1958. . . . [L]iability without fault (and with limited recovery) for injuries in the course of employment was the standard definition in 1986, and it was the prevailing definition in 1958

and before. . . . *No* case or definition from the 1950s and before—at least none that we could find—treats unlimited liability for an intentional tort as part of a workers' compensation program. Perhaps this is because such liability is relatively recent. . . . A fault-based regime with common law damages is not a 'workmen's compensation law' no matter what the state calls it.

*Spearman*, 16 F.3d at 724–25; *accord Arthur*, 58 F.3d at 127 (noting that West Virginia's statutory wrongful-termination claim "has none of the administrative, no-fault characteristics associated with a workers' compensation claim").

It is important to note that Ramirez has not brought a claim under section 132a; rather, he has brought a common-law wrongful-discharge claim, which is known as a *Tameny* claim in California. In *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167 (1980), the California Supreme Court held that "an employee's action for wrongful discharge is ex delicto and subjects an employer to tort liability." *Id.* at 176. This means that an employee may bring a wrongful-discharge tort claim notwithstanding the exclusivity provisions of the state's workers'-compensation system. *See* Cal. Lab. Code § 3602(a) ("Where the conditions of compensation set forth in Section 3600 concur [generally, "any injury" sustained by an employee "arising out of and in the course of the employment"], the right to recover compensation is . . . the sole and exclusive remedy of the employee or his or her dependents against the employer."). But to bring a *Tameny* claim, a plaintiff must tether the public policy allegedly violated to some statutory or constitutional provision. *Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66, 79 (1998).

Several California federal courts have concluded that a *Tameny* claim tied to the public policy enshrined in section 132a arises under California's workers'-compensation laws. *See, e.g.*, *Hamblin*, 2007 WL 4181822, at *3 ("[B]ecause section 132a provides the necessary public policy, it appears plaintiffs' claim would not exist without it. . . . Accordingly, section 132a, which is part of the state's workers'

compensation laws, clearly creates [the] substantive right to be free from retaliatory discharge after making a workers' compensation claim." (alteration in original) (internal quotation marks omitted)); *Quinones v. Target Stores*, No. C 05-03570 JW, 2005 WL 3157515, at *5 (N.D. Cal. Nov. 23, 2005) ("[S]ince one of the requirements of a Tameny claim is that the public policy is delineated in a constitutional or statutory provision, Plaintiff has rightfully cited a public policy delineated in section 132(a). California workers' compensation statute clearly creates a substantive right to be free from retaliatory discharge after making a workers' compensation claim. Accordingly, the Court finds that Plaintiff's Tameny claim 'arises under' California workers' compensation law and therefore, cannot be removed.").

But notwithstanding those decisions, the Court finds that a *Tameny* claim grounded in section 132a does not arise under California's workers'-compensation laws. The wrongful-discharge claim meets neither of the "arising under" prongs. First, California's workers'-compensation law does not create the cause of action. The whole point behind a *Tameny* claim is that it is a tort remedy separate and apart from the workers'-compensation scheme. California's tort-liability system creates the claim—not the workers'-compensation laws. *See Tameny*, 27 Cal. 3d at 176 (reasoning that an employer's obligation to not discharge an employee in violation of public policy "reflects a duty imposed by law upon all employers in order to implement the fundamental public policies embodied in the state's penal statutes").

The decisions in which federal appellate courts have found that a wrongful-discharge claim arises under a state's workers'-compensation laws have done so because the claim is statutory and furthers the policies behind the workers'-compensation scheme. *Reed*, 206 F.3d at 1060; *Humphrey*, 58 F.3d at 1246; *Jones*, 931 F.2d at 1092. But a *Tameny* claim is a creature of California's tort common law, thus providing further proof that it does not arise under the state's workers'-compensation system.

/ / /

Neither is California's workers'-compensation law a necessary element of a *Tameny* claim grounded in section 132a. This is because section 132a is not part of the workers'-compensation scheme. Labor Code section 3201 provides that "[t]his division [meaning Division 4] and Division 5 (commencing with Section 6300) . . . are intended to make effective and apply to a complete system of workers' compensation the provisions of Section 4 of Article XIV of the California Constitution." Labor Code Divisions 4 and 5 therefore comprise California's "workmen's compensation laws" as that term is used in § 1445(c). *See Seide v. Bethlehem Steel Corp.*, 169 Cal. App. 3d 985, 990 (Ct. App. 1985); *Roberts v. Pup 'N' Taco Driveup*, 160 Cal. App. 3d 278, 282 (Ct. App. 1984). But section 132a appears in neither Division; rather, it appears in Division 1 titled simply "Department of Industrial Relations." The California Supreme Court specifically recognized this result in *City of Moopark v. Superior Court*, 18 Cal. 4th 1143, 1154–55 (1998). The state's workers'-compensation law therefore does not include section 132a and therefore cannot be a necessary element of a *Tameny* claim tethered to section 132a.

The Court also does not find it proper to invoke a federal common-law definition of "workmen's compensation laws" as used in § 1554(c). *Cf. Arthur v. E.I. DuPont de Nemours & Co.*, 58 F.3d 121, 125 (4th Cir. 1995) ("Our first job, therefore, is to ascertain what Congress meant by the term 'workmen's compensation laws.' Because the statute contains no definition, we must look to the ordinary meaning of the term in 1958, the year Congress passed section 1445(c)."). It is true that federal—not state—law governs § 1554(c)'s overall interpretation. *Humphrey*, 58 F.3d at 1245; *Jones*, 931 F.2d at 1092. But Congress undoubtedly intended to incorporate a particular state's definition of its own workers'-compensation laws; indeed, Congress basically said as much: "A civil action in any State court arising under *the workmen's compensation laws of such State* may not be removed to any district court of the United States." § 1445(c) (emphasis added). It would be a strange

/ / /

result for a federal court to disregard a state's characterization of its own workers'-compensation laws.

The Court accordingly finds that Ramirez's *Tameny* claim grounded in part in section 132a does not arise under California's workers'-compensation law. This action consequently does not invoke § 1445(c)'s removability bar.

Saia argues that after the California Court of Appeal's decision in *Dutra*, section 132a cannot serve as the basis for a wrongful-discharge claim. But attacking a claim's legal merits is not the proper province of a remand motion. In any event, the Court notes that the holding in *Dutra* is by no means settled law in light of the California Supreme Court's decision in *City of Moorpark*. *Compare Dutra*, 209 Cal. App. 4th at 756 ("Allowing plaintiff to pursue a tort cause of action based on a violation of section 132a would impermissibly give her broader remedies and procedures than that provided by the statute. Thus, the statute cannot serve as the basis for a tort claim of wrongful termination in violation of public policy . . . ."), *with City of Moorpark*, 18 Cal. 4th at 1159 ("[W]hen the constitutional provision or statute articulating a public policy also includes certain substantive limitations in scope or remedy, these limitations also circumscribe the common law wrongful discharge cause of action. Stated another way, the common law cause of action cannot be broader than the constitutional provision or statute on which it depends, and therefore it presents no impediment to employers that operate within the bounds of law.").

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Ramirez's Motion to Remand. (ECF No. 11.)

**IT IS SO ORDERED.**

August 12, 2014

_____
**OTIS D. WRIGHT, II**
UNITED STATES DISTRICT JUDGE